# United States District Court

CENTRAL DISTRICT OF ILLINOIS

APR 2 2008

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA
v.

STEPHEN F. VYNCKE,

CRIMINAL COMPLAINT

CASE NUMBER: 08-6403 M

I, the undersigned complainant, being duly sworn state the following is true and correct to the best of my knowledge and belief.

## COUNT ONE
(Obstruction of a Pending Proceeding)

On or about October 10, 2007, at Rock Island, in Rock Island County, in the Central District of Illinois, the defendant,

**STEPHEN F. VYNCKE,**

did corruptly endeavor to influence, obstruct and impede the due and proper administration of the law under which a pending proceeding was being had before an agency and department of the United States, that is, the Department of Labor and its agency the Occupational Safety and Health Administration, ("OSHA"), in that the defendant acting on his own behalf and as an agent, servant and employee of Winter's Architectural Roofing Company, altered the worksite located at 513 31st Avenue in Rock Island, Illinois, by erecting safety fall protection on the roof of the building after the death of Walter Whipple on October 10, 2007, in an effort to obstruct the OSHA investigation.

All in violation of Title 18, United States Code, Section 1505.

## COUNT TWO
### (Obstruction of a Pending Proceeding)

On or about October 16, 2007, at Rock Island, in Rock Island County, in the Central District of Illinois, the defendant,

### STEPHEN F. VYNCKE,

did corruptly endeavor to influence, obstruct and impede the due and proper administration of the law under which a pending proceeding was being had before an agency and department of the United States, that is, the Department of Labor and its agency the Occupational Safety and Health Administration, ("OSHA"), in that the defendant acting on his own behalf and as an agent, servant and employee of Winter's Architectural Roofing Company, falsely represented during an interview with an OSHA compliance officer that safety fall protection was in place on the roof of a building located at 513 31st Avenue in Rock Island, Illinois on October 10, 2007, and for several days prior to then, when in fact no safety fall protection was put in place on the roof until after the death of Walter Whipple on October 10, 2007.

All in violation of Title 18, United States Code, Section 1505.

## COUNT THREE
### (Obstruction of a Pending Proceeding)

On or about October 10, 2007, at Rock Island, in Rock Island County, in the Central District of Illinois, the defendant,

### STEPHEN F. VYNCKE,

did corruptly endeavor to influence, obstruct and impede the due and proper administration of the law under which a pending proceeding was being had before an agency and department of the United States, that is, the Department of Labor and its agency the Occupational Safety and Health Administration, ("OSHA"), in that the defendant acting on his own behalf and as an agent, servant and employee of Winter's Architectural Roofing Company, instructed a witness, whom he knew was to be interviewed in the course of a pending investigation by OSHA, not to tell anyone about the lack of safety fall protection and safety equipment at a building located at 513 31st Avenue in Rock Island, Illinois, and thereby to withhold such information from OSHA.

All in violation of Title 18, United States Code, Section 1505.

## COUNT FOUR
### (Making a False Statement)

On or about October 16, 2007, at Rock Island, in Rock Island County, in the Central District of Illinois, the defendant,

**STEPHEN F. VYNCKE,**

in a matter within the jurisdiction of the Department of Labor and its agency the Occupational Safety and Health Administration, ("OSHA"), did knowingly and willfully make materially false, fictitious, and fraudulent statements and representations, in that the defendant falsely stated to an OSHA compliance officer that safety fall protection was in place on the roof of a building located at 513 31st Avenue in Rock Island, Illinois on October 10, 2007, and for several days prior to then, when in fact no safety fall protection was put in place on the roof until after the death of Walter Whipple on October 10, 2007.

All in violation of Title 18, United States Code, Section 1001.

I further state that I am a Compliance Safety and Health Officer, Occupational Safety and Health Administration, United States Department of Labor, and that this Complaint is based on the following facts:

See attached Affidavit in Support of Complaint which is made a part hereof.

Continued on the attached sheet and made a part hereof:    ☒ Yes    ☐ No

S/Jeff Strain
Signature of Complainant
Jeff Strain, Compliance Officer
Occupational Safety and Health Administration

Sworn to before me and subscribed in my presence,

April 2, 2008    at    Rock Island, Illinois
Date                       City and State

Thomas J. Shields
United States Magistrate Judge          S/Thomas J. Shields
Name & Title of Judicial Officer         Signature of Judicial Officer

## AFFIDAVIT IN SUPPORT OF COMPLAINT

**Jeff Strain**, Compliance Safety and Health Officer, Occupational Safety and Health Administration, United States Department of Labor (OSHA), being first duly sworn hereby deposes and states:

1. I am a Compliance Officer with OSHA and have been continuously so employed since 2001. I am involved in the investigation of OSHA compliance violations involving Winter's Architectural Roofing Company (Winter's), Rock Island County, Illinois.

2. I have determined that on October 10, 2007, Walter Whipple, an employee of Winter's Architectural Roofing Company (Winter's), fell through a skylight on the roof of a building on which he was working. The building was located at 513 31st Avenue in Rock Island, Illinois. Mr. Whipple was pronounced dead at the scene at approximately 8:39 a.m. OSHA learned of Mr. Whipple's death at 10:10 a.m. that morning and immediately initiated an investigation of Mr. Whipple's death. Mr. Whipple was part of a crew of Winter's employees that began working on the roof on October 5, 2007.

3. I arrived at the worksite at approximately 1:00 p.m., met with Mr. Stephen Vyncke, Winter's commercial department manager and superintendent, and inspected the inside and roof of the building. I observed warning lines erected along the edge of portions of the roof. Mr. Vyncke told me that Winter's had used the warning lines for fall protection throughout the project. Mr. Vyncke also told me that the company planned to cover skylights as employees got in the area of each skylight.

4. On October 16, 2007, Mr. Vyncke, in a signed written statement, represented to OSHA that Winter's used the warning lines for fall protection on the job and that the lines were

Page 2

erected six feet from the edge of the roof to keep employees from being exposed to fall hazards. Mr. Vyncke further stated that the warning lines were erected at the beginning of the project and used since then.

5. In fact, the warning lines along the edge of portions of the roof of the building were not erected until after Mr. Whipple fell through the skylight. On October 10, 2007, shortly after learning that Walter Whipple had died, Mr. Vyncke loaded fall protection equipment, including warning lines, into a truck and drove to the site. He placed the fall protection equipment between two dumpsters. After Mr. Whipple's body was removed, but before OSHA arrived, Mr. Vyncke climbed to the roof and, with two other Winter's employees, erected warning lines along the edge of the roof.

6. On or about October 10, 2007, Mr. Vyncke instructed another Winter's employee who had worked at the site that day, not to mention that warning lines were not present at the time of the accident and that if asked about the warning lines to state that the warning lines were up the day of the accident.

Page 3

7.  We respectfully request that a summons be issued for Mr. Vyncke's appearance.

S/Jeff Strain

Jeff Strain, Compliance Safety and Health Officer
OSHA

Sworn to before me and subscribed in my
Presence this 2nd day of April, 2008

S/Thomas J. Shields

Thomas J. Shields
United States Magistrate Judge